UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.  20-42938-399 |
| | ) | |
| MELINDA K. POIGNEE, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | OBJECTION TO EXEMPTIONS |
| | ) | |
| TRACY A. BROWN, | ) | |
| | ) | |
| Chapter 7 Trustee, | ) | |
| vs. | ) | Hearing Date:  October 7, 2020 |
| | ) | Hearing Time:    2:00 p.m. |
| | ) | Response Due:   September 30, 2020 |
| MELINDA K. POIGNEE, | ) | Hearing Location:  Courtroom 5 North |
| | ) | |
| Debtor/Respondent. | ) | |

## NOTICE OF HEARING

PLEASE TAKE NOTICE that on the 7th day of October, 2020, at the hour of 2:00 p.m., or as soon thereafter as counsel can be heard, the undersigned will call for hearing in this Court the Trustee's Objection to Exemptions, in United States Bankruptcy Court, Courtroom 5 North, 111 S. 10th Street, St. Louis, MO 63102.  You may be present at that time and be heard.

**WARNING: A written response must be filed with the Clerk, US Bankruptcy Court, 111 S. 10th Street, 4th Floor, St. Louis, MO 63102 and a copy served upon the undersigned by September 30, 2020. (See L.B.R. 9013-1 B). Failure to timely file a written response may result in the Court granting the relief requested prior to the hearing date.**

## OBJECTION TO EXEMPTIONS

COMES NOW Tracy A. Brown, duly appointed Trustee herein, and objects to the Debtor's claim of exemption for the following reasons:

1. Debtor Melinda K. Poignee ("Debtor") filed her voluntary individual petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "Code"), on June 8, 2020 (the "Petition Date") in the United States Bankruptcy Court for the Eastern District of Missouri (this "Court").

2. The meeting of creditors in this case was concluded on August 5, 2020. (Conclusion was filed in error and was withdrawn on August 31, 2020 and the 341 Meeting was continued to September 11, 2020).

3. On June 17, 2020, Debtor's spouse, Michael J. Poignee ("Spouse"), filed his voluntary individual petition under Chapter 7 of the Code in this Court under Case No. 20-43083-399.

4. Debtor's Schedule C claims the following exemptions:

a. 100% exemption under "tenants by entireties" claimed for multiple categories of properties with notation "RSMO 513.475(2); 11 USC 522(b)(3)(B); applies only to non-joint unsecured debts".

5. Trustee is investigating whether Debtor has joint debt.

6. Trustee accepts the 100% exemption as it pertains to joint assets and individual debt. Trustee objects to the 100% exemption as it pertains to possible joint debt.

7. Section 522(b)(3)(B) of the Code allows an individual debtor to exempt certain property of the estate and provides as follows with respect to such property: Property listed in this paragraph is– any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law. 11 U.S.C. § 522(b)(3)(B). Under Missouri law, tenancy by entirety property is only reachable by joint creditors of the couple. In re Haines, 528 B.R. 912, 919 (Bankr.W.D. Mo. 2015) (citing In re Garner, 952 F.2d 232, 235 (8th Cir. 1991)).

8. It follows that tenancy by entireties property may be reached by the trustee to the extent necessary to pay joint debts. Id. at 919–920.

9. Upon information and belief, the assets claimed as exempt by Debtor under Section 522(b)(3)(B) are tenancy by entireties properties, which are not exempt from joint debts.

10. Trustee objects to Debtor's exemption of all assets claimed as exempt under Section 522(b)(3)(B) of the Code, in order to allow Trustee to administer upon such assets in to the extent of any and all joint debts.

WHEREFORE, the Trustee respectfully prays that the Objection be sustained and the 100% exemption under 11 U.S.C. § 522(b)(3)(B) tenants by entireties be denied for any and all assets that may be available to administer for joint debt and for such other and further orders as the Court deems just and proper.

The Law Office of Tracy A. Brown, P. C.

By: /s/_____
Tracy A. Brown #61161; #47074
Trustee in Bankruptcy
1034 S. Brentwood Blvd, Suite 1830
St. Louis, MO  63117
tab7@bktab.com
(314) 644-0303
(314) 644-0333 fax

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was filed electronically on September 3, 2020, with the United States Bankruptcy Court, and has been served on the parties in in interest via e-mail by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

I certify that a true and correct copy of the foregoing document was filed electronically with the United States Bankruptcy Court, and has been served by Regular United States Mail Service, postage fully pre-paid, addressed to those parties listed on September 3, 2020:

Melinda K. Poignee
Debtor
23 Ellis Ave.
Troy, MO 63379

/s/ _____
Debbie Gibson